UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RASHEEN MASON,<br><br>                  Plaintiff,<br><br>-against-<br><br>U.S. EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION; FEDERAL<br>BUREAU OF INVESTIGATION; NEW<br>YORK CITY POLICE DEPARTMENT;<br>HUMAN RESOURCE ADMINISTRATION,<br>DEPARTMENT OF HOMELESS<br>SERVICES,<br><br>                  Defendants. | 25-CV-9859 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who provides an address for himself in Brooklyn, New York, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. He

names as Defendants the U.S. Equal Employment Opportunity Commission, the Federal Bureau

of Investigation, the New York City Police Department, and the Human Resource

Administration, Department of Homeless Services.

On March 18, 2026, the Court transferred a substantially similar complaint to the United

States District Court for the Eastern District of New York. *See Mason v. City of New York*, No.

25-CV-10347 (LTS)  (S.D.N.Y. Mar. 18, 2026). For the following reasons, this action is also

transferred to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff's alleges in his complaint that the events giving rise to his claims occurred in Brooklyn, Kings County, and Queens, Queens County. Both of these counties fall within the Eastern District of New York. *See* 28 U.S.C. § 112(c).

Because Defendants arguably can be considered to reside in this District and the Eastern District of New York, venue is proper in both districts under Section 1391(b)(1). Even if venue is proper in this district under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Brooklyn and Queens, venue would also be proper under Section 1391(b)(2) in the Eastern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events appeared to have occurred in Queens and in Brooklyn, where Plaintiff resides and where Defendant can be found, and it is reasonable to expect that all relevant documents and witnesses also would be in Brooklyn and Queens. Moreover, as the Court transferred Plaintiff's other pending action to the Eastern District of New York, that court appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 24, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge